UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROLYN JUREWICZ, ET AL.,<br><br>                              Plaintiffs,<br>           v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE<br><br>                              Defendant,<br><br>and<br><br>THE HUMANE SOCIETY OF THE UNITED STATES<br>2100 L Street, NW<br>Washington, DC 20037<br><br>                              Intervening Defendant. | CASE NO. 1:11-707 (JEB) |

## MOTION TO INTERVENE AND
## POINTS AND AUTHORITIES IN SUPPORT THEREOF

The Humane Society of the United States (HSUS) hereby moves to intervene in this lawsuit as a defendant as of right pursuant to Fed. R. Civ. P. 24(a)(2), or, alternatively, for the right to permissively intervene under Fed. R. Civ. P. 24(b)(1)(B). HSUS also moves to consolidate two related cases.

As set forth fully below, HSUS seeks to intervene in this matter to protect its interests and rights to certain public information that it sought pursuant to 5 U.S.C. § 552 (the Freedom of Information Act or FOIA). That information is currently being withheld by Defendant because of the pendency of this lawsuit.

HSUS conferred with both parties regarding this Motion. Defendant consents to HSUS' intervention upon the condition that, if the Motion to Intervene is granted, Case No. 1:10-CV-

1683-JEB will be stayed until a ruling on a dispositive motion is issued in the instant case. Defendant also consents to consolidation.  Plaintiff takes no position on HSUS's Motion to Intervene but reserves the right to oppose or consent intervention pending a review of this Motion.  Plaintiff does not oppose consolidation.

## I.      FACTUAL BACKGROUND

This matter is related to a FOIA suit brought by HSUS against Defendant, *Humane Society of the United States v. United States Department of Agriculture*, No. 1:10-CV-1683-JEB (D.D.C. Filed Oct. 4, 2010) (FOIA Case), and arises from the same facts and transaction as set forth in the Complaint in that case (Dkt. 1).  In the FOIA Case, HSUS sued to compel Defendant to produce information that it withheld from HSUS in response to multiple FOIA requests. Those requests sought the release of information submitted to the agency by USDA-licensed dog breeders and dealers as part of their relicensing applications pursuant to the Animal Welfare Act (AWA).  7 U.S.C. §§ 2131 *et seq.*  Defendant initially withheld the information, citing various exemptions to the FOIA, despite the fact that the agency had routinely provided this very same category of information to HSUS in the past. Specifically, Defendant withheld the number of dogs bought and sold annually by the licensees and the gross dollar amount that the licensees received annually from regulated activities.

After HSUS initiated the FOIA Case, Defendant sought input from various AWA licensees about, *inter alia*, whether the withheld information constituted confidential business information that might be exempt from mandatory disclosure under FOIA [Attachment 4, Ex. E]. HSUS consented to two stays of the FOIA Case at Defendant's request so that the agency could obtain the input from the licensees.  After receiving their input, Defendant subsequently determined that the withheld information *is not subject to withholding* under FOIA, and informed HSUS that it would release the information unless the licensees sought judicial intervention.

Upon notice that certain licensees intended to file the instant suit against Defendant, the agency informed HSUS that it would not release the information at issue. [Attachment 4, Ex. F, Mar. 30, 2011 Ltr. to A. Frostic].  The licensees then filed the instant case.

## II.       HSUS IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT

Fed. R. Civ. P 24(a) governs intervention as of right and states, in pertinent part, that "[o]n timely motion, the court must permit anyone to intervene who... (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  In this Circuit, there are four requirements that must be met for intervention as a matter of right:  (1) timeliness; (2) a "legally protected" interest; (3) threat of impairment of that interest; and, (4) adequacy of representation.  *See WildEarth Guardians v. Salazar*, 272 F.R.D. 4, 12-13 (D.D.C. 2010) (citing *Karsner v. Lothian*, 532 F.3d 876 (D.C. Cir. 2008)).  The party seeking to intervene must also have standing which can be demonstrated by the satisfaction of the second factor of this test since "generally speaking, when a putative intervenor has a 'legally protected' interest under Rule 24(a), it will also meet constitutional standing requirements, and *vice versa*".  *WildEarth Guardians*, 272 F.R.D. at 13, n.5.  As explained below, HSUS satisfies these requirements.

### A.   The Motion to Intervene is Timely

To determine whether a motion to intervene is timely, the Court looks at several factors, all of which are considered as part of a "context-specific inquiry."  *Id* at 12.  The factors the Court considers include  (a) the time elapsed since the inception of the action, (b) the probability of prejudice to those already party to the proceedings, (c) the purpose for which intervention is sought, and (d) the need for intervention as a means for preserving the putative intervenor's rights."  *Id.*  However, "[t]he critical factor is whether any 'delay in moving for intervention will

prejudice the existing parties to the case.'" *Akiachak Native Cmty. v. DOI,* 584 F. Supp. 2d 1, 5 (D.D.C. 2008) (citations omitted).  Considered in the context of this case and the related FOIA Case, this motion is timely.

Neither Plaintiff nor Defendant will be harmed by granting the motion at this stage in the litigation.  This case "remains in its early stages: the administrative record is yet to be filed with the Court and no briefing schedule for dispositive motions has been set."  *WildEarth Guardians*, 272 F.R.D. at 15.  There have been no rulings on any substantive issues.  Indeed, because Defendant has stated that it will not release the information at issue in the FOIA Case until the conclusion of this matter [Attachment 4, Ex. F], the status quo for the parties to this case would be unaffected by intervention and it is only HSUS who would be potentially prejudiced by any delay in the release of the information.  As discussed below, HSUS's interest in the disclosure of the information at issue and the need to preserve and protect its rights to that information under FOIA also weigh strongly in favor of finding this motion to be timely.

**B.   HSUS Has Standing and a Legally Protected Interest**

A party seeking to intervene must also have standing and a legally protected interest. HSUS has standing.  Specifically, HSUS is currently suffering concrete injury in the form of lost access to information it is entitled to under FOIA[1] as a direct result of Defendant's actions (and it would continue to be injured if the Court were toset aside Defendant's determination to release the information). This injury would be remedied by a judicial decision upholding Defendant's determination to release the information.  For the same reasons, HSUS has a legally protected interest.  *Akiachak,* 584 F. Supp. 2d at 7.   Thus, HSUS satisfies this criterion as well.

---

[1] It is well settled that "[a]n agency must disclose agency records to any person under [FOIA], 'unless they may be withheld pursuant to one of the nine enumerated exemptions[.]'"  *U.S. Dept. of Justice v. Tax Analysts*, 492 U.S. 136, 150 (1989) (citations omitted).  Defendant has determined that the information at issue is not exempt from release; therefore, Movant plainly has a legally protected interest in the public information.

### C.   This Action Threatens to Impair HSUS's Interests

The action in which a party seeks to intervene must "impair the putative intervenor's proffered interest in the action." *WildEarth Guardians*, 272 F.R.D. at 13 (citations omitted). There is no question that this action directly threatens HSUS's interests in the public records at issue.   HSUS has argued, and Defendant has agreed, that the organization is entitled to the licensee information at issue in these cases, as the information is not subject to withholding under the FOIA exemptions.   Indeed, Defendant would have already released that information to HSUS were it not for the pendency of this reverse-FOIA case.   Plainly, Defendant's "decision [] was favorable to [HSUS], and the present action is a direct attack on that decision," *Id.* at 14, as Plaintiffs are seeking an order to set aside Defendant's determination that the records at issue in the FOIA Case should be released in full. As such, this criterion is satisfied.

### D.   No Existing Party Adequately Represents HSUS's Interest

In determining whether an existing party adequately represents the movant's interests, "the putative intervenor's burden here is *de minimis*, and extends only to showing that there is a possibility that its interests may not be adequately represented absent intervention." *WildEarth Guardians*, 272 F.R.D. at 13 (citation omitted).   Here, "'[t]he applicant need only show that representation of his interest '*may be*' inadequate, not that representation *will* in fact be inadequate.'"   *Hardin v. Jackson*, 600 F.Supp.2d 13, 16 (D.D.C. 2009)(citations omitted)(emphasis added).   This Circuit has "often concluded that governmental entities do not adequately represent the interests of aspiring intervenors," *Fund For Animals, Inc. v. Norton*, 322 F.3d 728, 737 (D.C. Cir. 2003), and such is the case here.   Defendant is facing multiple law suits due to HSUS's FOIA requests.   And while Defendant did ultimately agree that the information at issue should be disclosed to HSUS, it did so only after HSUS sued the agency for withholding the information in violation of the FOIA.   Moreover, the interests of the government and of

HSUS are not entirely aligned.  Indeed, Defendant could conceivably settle with Plaintiffs here by, among other things, agreeing to take a voluntary remand of the decision to release the information at issue—which would effectively paralyze HSUS in the FOIA Case.  While HSUS hopes that Defendant will fully defend its belated decision to release the information at issue, the fact remains that HSUS's interests and those of Defendant "might diverge during the course of litigation."  *WildEarth Guardians*, 272 F.R.D. at 15 (citation omitted).  Therefore, since HSUS satisfies the requirements of Fed. R. Civ. P 24(a), this motion to intervene as of right should be granted.

### III.    IN THE ALTERNATIVE, THE COURT SHOULD GRANT HSUS PERMISSIVE INTERVENTION

In the alternative, HSUS asks that this Court grant permissive intervention pursuant to Fed. R. Civ. P 24(b).  Permissive intervention is allowed when the movant makes a "timely motion" and "has a claim or defense that shares with the main action a common question of law or fact."  *Id.*  The Court must also "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' right."  *Id.*  Here, HSUS shares the Defendant's position that the agency did not violate the Administrative Procedure Act when it determined that the information HSUS requested is not subject to withholding under the FOIA.  Further, as demonstrated above, HSUS's motion is timely and would neither unduly delay this mater nor prejudice Plaintiffs or Defendant.  Therefore, HSUS respectfully requests that it be allowed to intervene pursuant to Fed. R. Civ. P 24(b) if this Court denies HSUS's request for intervention as of right.

### IV.    CONSOLIDATION

Additionally, HSUS moves this Court to consolidate related cases No. 1:11-cv-707-JEB and No. 1:10-CV-1683-JEB.  These cases arise from the same events and share the same facts

and core question of law.  Consolidation would enable one round of briefing and ensure efficient use of judicial economy.

## CONCLUSION

WHEREFORE, The Humane Society of the United States respectfully prays that this Honorable Court grant its Motion to Intervene and Consolidate the related cases.

Date:  July 29, 2011

Respectfully Submitted,

_/s/__*Anna Frostic*_____
Anna Frostic (D.C. Bar No. 977732)
Kimberly Ockene (D.C. Bar No. 461191)
The Humane Society of the United States
2100 L Street NW Washington, D.C. 20037
Phone (202) 676-2333; Fax (202) 676-2357

*Attorneys for Intervening Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of July, 2011, I caused copies of the foregoing Motion to Intervene and Points and Authorities in Support Thereof and accompanying attachments to be served via electronic mail and first class mail upon the following:


Claire Whitaker, Esq.
Assistant U.S. Attorney
555 4th Street, NW
Washington, DC 20530
Claire.Whitaker@usdoj.gov

Ira T. Kasdan, Esq.
Laurence Lasoff, Esq.
Kelley Drye & Warren LLP
3050 K Street, NW Suite 400
Washington, DC 20007
Ikasdan@kelleydrye.com


                                          /s/_____
                                          Aaron D. Green